UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEMOND BILLINGSLEY,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>SUPREME COURT, et al.,<br><br>　　　　Defendants | Case No. 2:25-cv-00520-JAD-EJY<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**<br><br>**ECF Nos. 1, 3, 4, 5, 6, 9** |

**On 3/20/25, the magistrate judge entered this report and recommendation [ECF No. 3]:**

Pending before the Court is Plaintiff Demond T. Billingsley, Jr.'s Application to Proceed *in forma pauperis* ("IFP") and document titled "Demand for a Settlement Conference." ECF Nos. 1, 1-1. Plaintiff's IFP is denied because it is incomplete and on the wrong form. The Demand for Settlement Conference which Plaintiff cannot possibly win relief. On this basis, the Court recommends this matter be dismissed in its entirety.

**I.     Plaintiff's IFP is Incomplete**

Under United States District Court for the District of Nevada Local Special Rule ("LSR") 1-1 "[t]he application [to proceed *in forma pauperis*] must be made on the form provided by the court …." Under 28 U.S.C. § 1915(a)(2) and LSR 1-2, an inmate seeking to begin a civil action without prepaying the filing fee must submit three documents to the Court: (1) the completed application to proceed *in forma pauperis* for inmate on this Court's approved form, (2) a financial certificate properly signed by both the inmate and a prison or jail official, and (3) a copy of the inmate's prison or jail trust fund account statement for the previous six month period. Plaintiff has not complied with these rules. His application is on the wrong form and is incomplete. ECF No. 1. On this basis, the Court recommends Plaintiff's application to proceed *in forma pauperis* be denied.

**II.    Plaintiff's Complaint**

As explained by the Ninth Circuit, district courts have the authority to dismiss cases *sua sponte* without prior notice when the plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1998). Further, a complaint may be dismissed for failure

1

to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous when it is premised on a nonexistent legal interest or delusional factual scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Although leave to amend is often granted to cure deficiencies, this is not necessary when it is clear from the face of the complaint that the deficiencies cannot be cured. *Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Here, Plaintiff sues numerous immune defendants.[1] However, even assuming problems of immunity could be cured through naming alternative defendants, Plaintiff's Demand for Settlement Conference is nonsensical, delusional, based on non-existent legal theories, and rises to the level of wholly incredible. ECF No. 1-1. For example, Plaintiff alleges various codes and statutes are void without asserting any decipherable basis for his contention. *Id*. at 3. Plaintiff brings a purported claim under the Foreign Agents Registration Act asking who is a foreign principal, and then alleges the American Bar Association is a foreign union. *Id*. at 3-5. Plaintiff says the State of Nevada cannot bring criminal charges because it is not "an injured party" and goes on to list various claims untethered to facts or law such that Plaintiff cannot possibly proceed. *Id*. at 6-13.

In sum, after a review of Plaintiff's seventeen page Demand for a Settlement Conference, the Court finds Plaintiff alleges no coherent set of facts, against non-immune defendants, based on theories of law on which he cannot possibly succeed.

---

[1] *Foley v. Graham*, 2:16-cv-1871-JAD-VCF, 2016 WL 11185427, at *3 (D. Nev. September 13, 2016) (as an arm of the State of Nevada, the state courts are immune from suit under 42 U.S.C. § 1983). *Puckett v. United States*, Case No. CV 06-273-E-LMB, 2006 WL 2265264, at *3 (D. Id. Aug. 8, 2006) (finding, *inter alia*, absolute immunity from suit applicable to the U.S. Supreme Court). *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts."). *Morris v. State Bar of California*, Case No. CV F 09-0026, 2010 WL 4977677, at *2 (E.D. Ca. December 2, 2010) (county district attorney's offices are not "persons" available to be sued under 42 U.S.C. § 1983) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) (holding that umbrella organization composed of various city and county offices was not a separately suable entity). *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (prosecutors performing official prosecutorial functions are entitled to absolute immunity against constitutional torts).

### III. Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) be denied as incomplete and moot, and his Demand for Settlement Conference (ECF No. 1-1) be dismissed with prejudice.

Dated this 20th day of March, 2025.

                                                    _____
                                                  ELAYNA J. YOUCHAH
                                                  UNITED STATES MAGISTRATE JUDGE

### ORDER

The deadline for any party to object to this recommendation was April 3, 2025, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. For the reasons set forth in the report and recommendation [ECF No. 3], IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 3] is ADOPTED in its entirety.** The motion for leave to proceed in forma pauperis and motion for settlement conference **[ECF Nos. 1, 4] are DENIED**, **THIS CASE IS DISMISSED** without prejudice but without leave to amend because amendment would be futile, and all other pending motions **[ECF Nos. 5, 6, 9] are DENIED** as moot. The Clerk of Court is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

                                                  _____
                                                  U.S. District Judge Jennifer A. Dorsey
                                                  Dated: April 10, 2025